**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-6908**

KEVIN GILLIARD,

       Petitioner - Appellant,

   v.

WARDEN JOYNER,

       Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Sherri A. Lydon, District Judge.  (6:18-cv-02417-SAL)

Submitted:  January 25, 2022                   Decided:  February 3, 2022

Before WILKINSON, KING, and QUATTLEBAUM, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Kevin Gilliard, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Gilliard seeks to appeal the district court's order accepting the recommendation of the magistrate judge and dismissing Gilliard's 28 U.S.C. § 2254 petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on May 6, 2020. Gilliard filed the notice of appeal on June 11, 2020,[*] which was after the 30-day appeal period expired but within the 30-day excusable neglect period. On limited remand, the district court found that Gilliard failed to establish excusable neglect and thus denied his motion for an extension of the appeal period. Because Gilliard's notice of appeal was untimely filed and he did not obtain an extension of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Gilliard could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).